UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARCHIE N. KELLEY, JR.,

      Plaintiff,

v.                                       CASE NO. 8:11-cv-613-T-24AEP

NATIONAL UNION FIRE
INSURANCE COMPANY OF
PITTSBURGH, P.A.,

      Defendant.

_____/

## ORDER

This matter comes before the Court on Defendant's Motion for Protective Order Regarding Corporate Representative Deposition Scheduled for February 24, 2012 (Dkt. No. 20) and Plaintiff's response in opposition thereto (Dkt. No. 24). Plaintiff brought this action as a breach of contract and tort action concerning the interpretation of an insurance policy. By the instant motion, Defendant seeks a protective order requiring Plaintiff to take the deposition of Defendant's corporate representative in New York City and to prevent Plaintiff from delving into particular areas of inquiry with Defendant's corporate representative. Plaintiff opposes Defendant's request arguing that the deposition should occur in this District, in either Tampa or Jacksonville, and the areas of inquiry in the notice of deposition are relevant and may lead to the discovery of admissible evidence.

A party seeking entry of a protective order must demonstrate good cause for issuance of such order. Fed. R. Civ. P. 26(c)(1). If a party demonstrates good cause, the Court may issue an

order to protect a party or person from undue burden or expense, which forbids the disclosure or discovery, forbids inquiry into certain matters, or limits the scope of disclosure or discovery to certain matters. *Id.* If the Court denies the request for a protective order, in whole or in part, the Court may order the party or person provide or permit the requested discovery. Fed. R. Civ. P. 26(c)(2).

Here, Defendant seeks a protective order requiring Plaintiff to conduct the corporate representative deposition in New York City. Defendant fails, however, to establish good cause for such a request. Defendant argues that a presumption exists that a non-resident corporate defendant should be deposed in its principal place of business. *LeBlanc v. Unifund CCR Partners, G.P.*, 8:06-cv-1216-T-TBM, 2007 WL 2446900 *3 (M.D. Fla. 2007)(stating that a general presumption arises that a non-resident corporate defendant should be deposed in its principal place of business and setting forth factors which may overcome that presumption). According to Defendant, in this instance, the corporate representative deposition should occur in New York City because that is the Defendant's principle place of business as well as where the witness is located and because the witness does not travel often for business purposes. Other factors weigh in favor of holding the deposition in this District, however. Notably, counsel for the parties are both located in Florida, Defendant has offered only one corporate representative to be deposed, and the equities regarding the nature of the claim and relationship of the parties weigh in favor of allowing Plaintiff to depose Defendant's corporate representative in this District. In addition, Local Rule 3.04 explicitly provides, in relevant part, that:

> For the guidance of counsel in preparing or opposing contemplated motions for
> a protective order pursuant to Rule 26(c), Fed.R.Civ.P., related to the place of

taking a party-litigant's deposition, or the deposition of the managing agent of a party, it is the general policy of the Court that ... a non-resident defendant who intends to be present in person at trial may reasonably be deposed at least once in the District either during the discovery stages of the case or within a week prior to trial as the circumstances seem to suggest.

M.D. Fla. R. 3.04(b). In its motion for a protective order, Defendant failed to address whether it intends to be present in person at trial, so, since Defendant has not stated otherwise, the Court presumes that Defendant will be present in person at trial. Defendant should therefore reasonably be deposed at least once in this District. *Id.* Accordingly, Defendant's corporate representative shall be deposed in this District within fourteen days of the date of this order. Given that the action was filed in the Tampa Division and the trial will proceed in the Tampa Division, the deposition shall be conducted in the Tampa Bay area unless the parties can agree otherwise.[1]

As to the areas of inquiry, Defendant contends three are improper: (1) inquiry as to the governing law applicable to the insurance policy, as requested in paragraphs 6.a.-6.d. and 6.h. of the amended notice of deposition, and (2) inquiry regarding whether Defendant owed a duty to Plaintiff, as requested in paragraph 6.e. of the amended notice of deposition, and (3) inquiry regarding each application and approval in the State of Florida and Tennessee for listed insurance policies or riders, as requested in paragraphs 6.d.(i)-(iii) of the amended notice of deposition. With regard to the governing law, the question of which state's substantive law applies in a diversity action is a legal question. *LaFarge Corp. v. Travelers Indem. Co.*, 118 F.3d 1511, 1514-15 (11th Cir. 1995). Although the initial notice of deposition asked for the basis of Defendant's

---

[1] The parties are strongly encouraged to discuss reasonable alternatives, such as videoconferencing, to alleviate costs and potential inconvenience to both parties.

affirmative defenses asserting that the policy was governed by either Florida or Delaware law (Dkt. No. 20, Exh. A), Plaintiff amended the notice and sought *each and every factual basis* for those assertions (*id.*, Exh. C). As amended, Plaintiff simply seeks the factual bases for Defendant's affirmative defenses, not a determination by the corporate representative as to the applicable law governing the insurance policy. Indeed, Rule 26 allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. Fed. R. Civ. P. 26(b)(1); *see generally* Fed. R. Civ. P. 36 (allowing parties to request admissions relating to facts, the application of law to facts, or opinions about either). Here, Defendant asserted multiple affirmative defenses related to the law governing the policy and the applicability of the Florida Statutes to the policy. *See* Dkt No. 9, Defendant's Answer and Affirmative Defenses. An opportunity to discover the factual bases for those affirmative defenses and assertions from Defendant is warranted. Though Defendant contends the factual bases for these assertions have already been established through other discovery, none of the prior discovery comes from a corporate representative of Defendant. Accordingly, Defendant's motion for a protective order is denied with respect to the information regarding the applicable law as requested in the amended notice of deposition paragraphs 6.a.-6.d. and 6.h. For these same reasons, Defendant's motion for a protective order is similarly denied as to the information regarding whether Defendant owed a duty to Plaintiff, as requested in paragraph 6.e. of the amended notice of deposition.

With respect to the areas of inquiry pertaining to each application and approval in the State of Florida and Tennessee for various insurance policies and riders, Defendant argues the requests are overbroad, unduly burdensome, not relevant to the subject matter of the pending

4

action and not reasonably calculated to lead to the discovery of admissible evidence. Indeed, as set forth in the amended notice, Plaintiff seeks to depose a corporate representative regarding information relating to the applications and approvals in Florida and Tennessee of master policy numbers C11695DBG and SRG 9540478 and rider numbers S30417DBG and S30424DBG since 1991. According to Defendant, this case involves only master policy number 9540495, which was effective as of October 1, 2003 (Dkt. No. 20 at 8). As to the riders, Defendant offers to produce a witness who can explain the benefit rider attached to the policy at issue and the process by which Defendant may obtain approval from Departments of Insurance for the language contained in the rider. Defendant therefore contends that a request for a witness to research information and provide testimony as to various policies and riders spanning more than 20 years, and which are not at issue in this litigation, is extremely overbroad and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. In response, Plaintiff contends that he corrected the date for the requested information and testimony to 2001 and, further, that it is unclear whether master policy number 9540495 is the only policy at issue in this case such that Plaintiff needs to depose Defendant's corporate representative to clarify this factual issue. Since Plaintiff's amended areas of inquiry are overbroad and since it is unclear whether any policy besides master policy number 9540495 is at issue, the motion for protective order is granted in part and denied in part. Defendant shall provide a corporate representative who can provide general testimony as to the process Defendant used for applying and obtaining approval for master policies and riders during the period from 2002 through 2011. The corporate representative should also provide more specific testimony as to the application and approval

process for master policy number 9540495 and the benefit rider attached to that policy as it occurred in Florida and Tennessee during the period from 2002 through 2011.

Subsequent to the filing of Defendant's motion for a protective order, Plaintiff filed a Motion to Compel Defendant's 30(b)(6) Deposition (Dkt. No. 28) seeking either an order requiring the deposition of as many corporate representatives as necessary to meet the areas of inquiry set forth in the notice of deposition or to designate the facts as established on Plaintiff's claim in Count I, prohibiting Defendant from introducing designated matters into evidence including all policy information, and staying the proceeding until the order is obeyed. As this order sets forth the parameters for the Rule 30(b)(6) deposition, and Rule 30(b)(6) sets forth Defendant's obligations with respect to a corporate representative deposition, Plaintiff's request is denied as moot.[2]

Accordingly, it is hereby ORDERED that Defendant's Motion for Protective Order Regarding Corporate Representative Deposition Scheduled for February 24, 2012 (Dkt. No. 20) is GRANTED IN PART AND DENIED IN PART to the extent set forth above. Plaintiff's Motion to Compel Defendant's 30(b)(6) Deposition (Dkt. No. 28) is DENIED AS MOOT.

---

[2] Furthermore, in this District, the Court follows the rule that all discovery must be completed by the discovery deadline set forth in the Case Management and Scheduling Order. Middle District Discovery (2001) at I.F.1. The district judge has explicitly addressed the parties' repeated requests for continuances and specifically noted their failure to adequately explain the delay in conducting and seeking discovery in this action (Dkt. No. 27). Given that the district judge previously granted two extensions of the case management deadlines to the parties, she declined to extend the deadlines any further upon the parties' most recent request. Accordingly, the Court declines to enter a stay at this juncture.

DONE AND ORDERED in Tampa, Florida, on this 2nd day of March, 2012.

ANTHONY E. PORCELLI
United States Magistrate Judge

Copies furnished to:

Counsel of Record